IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CURTIS H. JONES,

                    Petitioner,

     v.                                  CASE NO. 06-3035-SAC

ATTORNEY GENERAL OF KANSAS, et al.,

                    Respondents.

**O R D E R**

Petitioner, a person confined in the Larned State Hospital in Larned, Kansas, proceeds pro se on a form petition for a writ of habeas corpus under 28 U.S.C. § 2254. It appears petitioner is confined pursuant to an insanity disposition in his 1988 criminal trial on a murder charge. He filed the instant action to seek relief on a bare claim that he now believes the victim, who did not die in front of him, may still be alive.

The court liberally construes petitioner's pro se pleading as stating, at best, a challenge to the factual basis for petitioner's present confinement. Petitioner cites facts to support this bare claim, and identifies no exhaustion of state court remedies. Because the claim appears fantastical on its face, the petition is subject to be summarily dismissed. *See* 28 U.S.C. § 2254(b)(2)(habeas application may be denied on the merits notwithstanding the applicant's failure to exhaust state court remedies).

Under the circumstances, and in an abundance of caution, the court instead dismisses the petition without prejudice to petitioner

refiling his habeas application if petitioner can establish a credible and cognizable claim for habeas corpus review, and demonstrate full exhaustion of state court remedies on said claim(s).  Any such action also would be subject to the one year limitations period imposed by 28 U.S.C. § 2244(d)(1), and any statutory or equitable tolling thereof.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 22nd day of February 2006 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge